UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

DANNY LEE ADAMS,              )
                              )
            Plaintiff,        )
                              )
      v.                      )    No. 1:07-CV-181-LMB
                              )
TROY STEELE, et al.,          )
                              )
            Defendants.       )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Danny Lee Adams (registration no. 175726) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner

will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $62.92, and an average monthly account balance of $74.91. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $14.98, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

2

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint and supplement**

Plaintiff, an inmate at the South Central Correctional Center ("SCCC"), seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against defendants Troy Steele (Warden), Larry Crawford (Director), Omer Clark (Assistant Warden), Randy Wright (Functional Unit Manager), Paula Phillips (Functional Unit Manager), Crystal Stewart (Functional Unit Manager), Jackie Cooper (Caseworker), Patricia Cornell ("MDOC Director"), and John Does ("MDOC Officials").

Plaintiff alleges that he was wrongfully transferred from the Southeastern Correctional Center ("SECC") to SCCC, given that "MDOC Officials know [his] mother is very ILL and unable to travel far distance [sic], so, this transfer were [sic] definitely done to punish [him]." He claims that he was "forced into a suicide cell from 9-15-06 to 9-19-06 . . . stripped of all clothing, forced to eat only peanut butter and jelly sandwich[es] for four days, four straight days with light on causing plaintiff not to be able to

3

sleep, plus extremely cold in [the] cell, and denied all access to incoming mail or out going mail." He also claims that he was "forced and unlawfully detained in segregation unit for 103 days," because he failed to cooperate with the transfer and he had "known enemies" at the prison. Plaintiff claims that he was issued a false conduct violation on July 7, 2005, and February 24, 2006, and that he was sent "to the hole (ad-seg)." Last, plaintiff alleges that his "personal belongings" were taken on two different occasions, January 13, 2005, and June 8, 2005.

Plaintiff's due process claims concerning his transfer to SCCC are legally frivolous, because transfers to other prisons are entirely within the discretion of prison officials. *See Lyon v. Farrier*, 727 F.2d 766, 768 (8th Cir. 1984). Moreover, prisoners have no justifiable expectation that they will be incarcerated in any particular prison within a state. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Murphy v. Missouri Dept. of Correction*, 769 F.2d 502, 503 (8th Cir. 1985). Any protected interest plaintiff might have in being incarcerated in a particular state prison would have to be created by state law. *See Hewitt v. Helms*, 459 U.S. 460, 469 (1983). Furthermore, plaintiff has no constitutional right to a particular prison classification or housing assignment, and he does not allege a liberty interest created by state law. *See Nash v. Black*, 781 F.2d 665, 668 (8th Cir. 1986); *Beard v. Livesay*, 798

4

F.2d 874, 876 (6ht Cir. 1986). Plaintiff has failed to state a claim or cause of action for the denial of a constitutional right.

For the Due Process Clause to be implicated, an inmate must be subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995). Plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship in which the state might conceivably create a liberty interest. *Cf. Hemphill v. Delo*, 124 F.3d 208, 1997 WL 581079, \*\*2 (8th Cir. 1997)(no atypical and significant hardship where inmate alleged only that he spent 4 days locked in his housing unit, 30 days in disciplinary segregation, and 290 days in administrative segregation); *Driscoll v. Youngman*, 124 F.3d 207, 1997 WL 581072, \*\*2 (8th Cir. 1997)(same; 135 days in disciplinary and administrative segregation).

The Due Process Clause also may be implicated when a prisoner suffers a loss of property. If the taking of property by prison officials is intentional, however, and the state provides an adequate postdeprivation remedy, there is no violation of due process. *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Plaintiff does not allege that he lacks an adequate postdeprivation remedy. Furthermore, regardless of the existence of a state-postdeprivation remedy, no

5

due process claim exists if the loss of plaintiff's property was the result of negligence. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *accord Davidson v. Cannon*, 474 U.S. 344, 347 (1986); *Morton v. Becker*, 793 F.2d 185, 188 n.3 (8th Cir. 1986) (Fourteenth Amendment due process clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property).

Plaintiff's conditions-of-confinement claims are legally frivolous. *See Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992)(to establish objective component of conditions-of-confinement claim, deprivation must be "extreme" and must deny "minimal civilized measure of life's necessities"); *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *Seltzer-Bey v. Delo*, 66 F.3d 961, 963-64 (8th Cir. 1995)(for conditions of confinement to violate Eighth Amendment, inmate must show alleged deprivations denied him minimal civilized measure of life's necessities and defendants were deliberately indifferent to excessive risk to his health or safety).

Regarding the John Doe defendants, the Court notes that fictitious parties generally may not be named as defendants in a civil action. *See Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes allegations sufficiently specific to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th

6

Cir. 1985). In the case at hand, the complaint and supplement do not contain specific allegations that would permit the identity of the "John Doe MDOC Officials" to be ascertained after reasonable discovery. These particular "John Doe" defendants are both unidentified and indeterminate in number. This is not permissible. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

Last, to the extent that plaintiff is attempting to assert claims on behalf of other inmates, he lacks standing to do so.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $14.98 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the

complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate Order shall accompany this Order and Memorandum.

Dated this 17th day of March, 2008

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**